IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

FRED STEINMAN,                        )
                                      )
    Plaintiff,                        )
                                      )
vs.                                   )   No. 2:08-cv-02624-STA-dkv
                                      )
                                      )
MEDICAL ANESTHESIA GROUP, P.A.,       )
et al.,                               )
                                      )
    Defendants.                       )

---

REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND
AND
ORDER ON PLAINTIFF'S MOTION TO AMEND

---

Before the court are the October 10, 2008 motions of the plaintiff, Fred Steinman, to amend his complaint and to remand this case to state court. Specifically, Steinman requests the court to allow him to amend his complaint to correct certain averments, to cite to the correct Tennessee statutes applicable to the claims, and to clarify that he is not asserting a claim under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Additionally, based on his assertion that he does not state a claim under ERISA and therefore no federal question jurisdiction exists, Steinman seeks to remand this lawsuit to the Chancery Court of Shelby County, Tennessee at Memphis.

The defendants, Medical Anesthesia Group, P.A. ("MAG") and the

thirty individually named doctors who are stockholders of MAG ("the stockholders"), filed responses in opposition to both motions. The motion to remand was referred to the United States Magistrate Judge for a report and recommendation, and the motion to amend was referred to the United States Magistrate Judge for determination. For the following reasons it is recommended that Steinman's motion to remand be granted, and the court declines to rule on Steinman's motion to amend his complaint.

## I. PROPOSED FINDINGS OF FACT

This lawsuit arises out of the employment relationship between Steinman and MAG. Steinman became an employee of MAG on April 9, 1990, and became a stockholder of MAG on April 1, 1991. Steinman and MAG entered into an employment agreement ("Employment Agreement") on December 18, 2001, which incorporated an amended and restated wage continuation agreement also dated December 18, 2001, as well as a stock purchase agreement dated April 9, 1992.

On August 27, 2008, Steinman filed a complaint against the defendants in the Chancery Court of Shelby County, Tennessee. Steinman asserts in his complaint that he went on disability leave from his employment with MAG on April 1, 2006, and that he remains on disability leave. Steinman further alleges in his complaint that MAG breached its contractual duties to him under the Employment Agreement and its incorporated documents in various ways, that the stockholders breached their contractual and

fiduciary duty of good faith and fair dealing, and that the defendants have jointly violated various Tennessee statutes.

On September 26, 2008, the defendants removed the case to this court on federal question grounds, alleging that Steinman's claim regarding the improper denial of health insurance was preempted by ERISA and presents a federal claim on its face under the well-pleaded complaint rule. On October 1, 2008, the defendants filed an answer in which they denied that Steinman is on disability. The defendants assert that Steinman was terminated for cause because he was unable to perform the duties the Employment Agreement requires him to perform for more than sixty days. Additionally, the defendants assert that they have fully complied with any obligations owed Steinman under the Employment Agreement or, alternatively, that Steinman was not owed any relief under those the Employment Agreement.

Neither Steinman's original complaint nor his proposed amended complaint specifically references ERISA. The complaint, however, refers to MAG's obligations under a health insurance plan in two paragraphs out of the seventy-two paragraphs therein, i.e., paragraph 27 of the "Facts" section of the complaint and paragraph 35 of the section entitled "Count II (as to MAG) - Breach of Contract - Covenant of Good Faith and Fair Dealing." Paragraph 27 states: "From and after April 2006, MAG was obligated to provide health insurance coverage for Plaintiff to date of termination."

3

Paragraph 35 states: "MAG has dealt unfairly with Dr. Steinman by not providing health insurance coverage to which he was entitled." In addition, paragraph 36 of the complaint sets forth the relief Steinman seeks under Count II and states that "MAG is liable to Dr. Steinman for any and all compensatory, consequential and other damages incurred by Dr. Steinman as a result of MAG's breach in an amount proven at trial." Steinman does not dispute the defendants' assertion that the health insurance plan referenced in these two paragraphs is covered by ERISA. Steinman does not set forth in the complaint any specific facts which serve as the basis for his assertions regarding MAG's obligations relating to the health insurance plan.

In his proposed amended complaint, Steinman changes several of his factual assertions and references to parties from those of the complaint and also amends his citations to Tennessee statutes. Additionally, Steinman amends the two paragraphs which reference a MAG provided health insurance policy. Specifically, in paragraph 27 of the "Facts" section, the proposed amended complaint states that, during the same time period, "MAG was obligated to pay the health insurance premiums for the MAG provided health insurance coverage." Likewise, in the section entitled "Count II (as to MAG) – Breach of Contract – Covenant of Good Faith and Fair Dealing," paragraph 35 of the proposed amended complaint states that MAG dealt unfairly with Steinman by not "paying the premiums for the

health insurance coverage."

PROPOSED CONCLUSIONS OF LAW

Steinman avers that he incorrectly stated in his complaint that MAG was required to provide health insurance coverage when he intended to assert only that MAG was obligated to pay health insurance premiums. (Mot. to Remand 2.) As such, Steinman states that his proposed amendments to the two paragraphs of the complaint relating to the health insurance plan are meant only to clarify that "there is no ERISA claim made in the Complaint." (Mot. To Amend 1.) In accordance with these assertions, Steinman argues that the "[f]ailure to pay health insurance premiums does not 'relate to' an ERISA benefit plan, and as such there is no federal jurisdiction." (Mot. To Remand 2.)

The defendants do not challenge Steinman's proposed amendments to his citations of Tennessee statutes, references to parties, or non-health insurance related factual assertions but they oppose Steinman's proposed amendments relating to the health insurance plan. The defendants state that Steinman's claims in his complaint that MAG failed to provide him health insurance coverage provides federal question jurisdiction and that Steinman's proposed amendments to these provisions are merely attempts to destroy that jurisdiction. (Defs.' Resp. in Opp. Pl.'s Mot. to Amend 1–4.) Additionally, the defendants aver that, even if the court grants Steinman's motion to file his amended complaint, Steinman's amended

5

complaint still states a claim under ERISA based on the broad language of Steinman's request for "consequential and other damages" resulting from the defendants' failure to pay health insurance premiums in paragraph 36 of the proposed amended complaint. (Defs.' Resp. in Opp. Pl.'s Mot. to Amend 4.) The defendants contend that the broad language of this claim for relief seeks to recover ERISA health plan benefits and states a claim for breach of fiduciary duty. (Defs.' Resp. in Opp. Pl.'s Mot. to Remand 3.) Further, the defendants assert that, even if the court grants Steinman's motion to amend his complaint and finds that the amended complaint no longer states a claim under ERISA, the court retains jurisdiction over the case on the basis that the case was properly removed originally. (Defs.' Resp. in Opp. Pl.'s Mot. to Remand 4.)

I. Motion to Amend Complaint

In relevant part, Rule 15(a)(2) states that a party may amend its pleading only with leave of the court and that the "court should freely give leave when justice so requires." TENN. R. CIV. P. 15(a)(2). However, a "'party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action.'" *Byrd v. Ballin*, 2005 WL 2071736, at *2 (W.D. Tenn 2005)(quoting 6 Charles Alan Wright, Arthur R. Miller and Mary K. Kane, *Federal Practice & Procedure* § 1477, at 562 (2d ed. 1990)). For the reasons set forth below, the

6

court finds that the court does not have jurisdiction over Steinman's motion to amend his complaint and therefore declines to rule on the motion to amend.

II. Motion to Remand

A defendant may remove a lawsuit from state to federal court only where a federal court has "original jurisdiction founded on a claim or right arising under" federal law. 28 U.S.C. § 1441(b). "In determining whether a cause of action 'arises under' federal law, the court must look to the complaint as it existed at the time the petition for removal was filed." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir. 1991) (citing *Pullum Co. v. Jenkins*, 305 U.S. 534 (1939)). Under the "well-pleaded complaint rule," a court determines whether a claim or right arises under federal law by examining the plaintiff's complaint and, thus, a plaintiff may choose to have his cause of action heard in state court by not stating a claim based upon federal law. *Warner v. Ford Motor Co.*, 46 F.3d 531, 533 (6th Cir. 1995) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987)). However, an exception to the "well-pleaded complaint rule" will apply to provide a federal court with subject matter jurisdiction over claims a plaintiff has asserted under state law where Congress has completely preempted the area of law under which the plaintiff asserts those claims, as such claims are "necessarily federal in character." *Id.* (citing *Metropolitan Life Ins. v. Taylor*, 481 U.S.

7

58, 63–64 (1987)).

ERISA preempts state law and state law claims that "relate to" any employee benefit plan. 29 42 U.S.C. § 1144(a). In *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45 (1987), the United States Supreme Court held that Congress's intent in enacting ERISA was to comprehensively regulate and preempt the area of employee benefit plans. *Id.* at 41. The Supreme Court has held, however, that the scope of the "complete preemption" exception to the well-pleaded complaint rule as grounds for removal is narrow. *Metropolitan Life Ins.*, 481 U.S. at 65. It was "reluctant to find that extraordinary pre-emptive power . . . that converts an ordinary state common law complaint into one stating a federal for purposes of the well-pleaded complaint rule." *Id.* Accordingly, even though a defendant claims, and may eventually prove, that the plaintiff's state law claims are preempted by federal law, this type of preemption does not provide grounds for removal from state court to federal court, and will not, therefore, confer jurisdiction upon a federal court. *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995).

In the Sixth Circuit, ERISA completely preempts, for purposes of removal, claims asserted under state law in two areas. First, ERISA completely preempts and provides federal jurisdiction for all claims through which the plaintiff seeks to "recover benefits due to him under the terms of [an ERISA] plan, to enforce his rights under the terms of the plan, or to clarify his rights to future

benefits under the terms of the plan." *Id.* In addition, the Sixth Circuit has held that claims for breach of fiduciary duty in relation to an ERISA plan present a federal question and are, therefore, completely preempted. *Smith v. Provident Bank*, 170 F.3d 609, 613 (6th Cir. 1999). An ERISA fiduciary is anyone who exercised authority or control in management or disposition of the assets of an ERISA plan. *Id*. (citing 29 U.S.C. § 1002(21)(A)(I)). ERISA fiduciaries are liable to any plan beneficiary for breaching any of their duties as listed in the statute, including properly managing, administrating and investing the assets of the ERISA plan, among others. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 251–52 (1993)(citations omitted).

Claims that only "peripherally 'relate to' ERISA pursuant to its preemption clause in § 1144(a), however, do not create a federal cause of action." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456 (6th Cir. 2002) (citing *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir. 1991)). Thus, even where a state claim "relates to" an ERISA benefit plan and is preempted under 29 U.S.C. § 1144, that state law claim will not be converted to a federal cause of action for purposes of removal jurisdiction. *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 614 (6th Cir. 2001).

In *Wright*, the plaintiff had filed a cause of action against the defendant, her former employer, for sex and race discrimination and retaliation. *Id*. In paragraph twenty-seven of her complaint,

the *Wright* plaintiff alleged that, subsequent to her wrongful termination, the defendant had wrongfully refused to issue to the plaintiff "the proceeds of a life insurance policy on her late husband's life—proceeds to which she is entitled under GM's Salaried Life and Disability Benefit Program and Salaried Health Care Program," an ERISA plan, which had resulted in a $75,000 loss to the plaintiff and her family. *Id*. The Sixth Circuit concluded that the plaintiff's claim for this relief did not amount to a claim seeking to recover benefits due under an ERISA plan, to enforce rights under such a plan, or to clarify benefits under the plan, and therefore did not provide for removal of the cause of action from state court to federal court. *Id*. Rather, the Sixth Circuit held that Wright's request for the life insurance proceeds was "simply a reference to specific, ascertainable damages she claims to have suffered as a proximate result of her discriminatory termination." *Id.*

For purposes of the instant motion, the court submits that the reasoning of the *Wright* court is persuasive. Read as a whole, Steinman's complaint does not seek to recover benefits under the ERISA health insurance plan, enforce his rights under the plan, or to clarify his rights under the plan. Rather, Steinman is claiming that the defendants breached the applicable Employment Agreement and its incorporated documents and violated various Tennessee statutes, which is akin to the *Wright* plaintiff's claim of wrongful

discharge based on discriminatory intent. In his complaint, Steinman alleges that he went on disability leave from MAG on April 1, 2006, while the defendants assert that Steinman was terminated for cause. Thus, Steinman alleges that the defendants have breached the Employment Agreement by failing to treat Steinman as though he is on disability leave from April 1, 2006. As such, Steinman's citation to MAG's failure to provide him health insurance coverage is properly construed as a reference to an ascertainable damage he claims to have suffered as a result of the defendants' breach of the Employment Agreement. Under the reasoning of the *Wright* court, this claim does not provide this court removal jurisdiction, although the claim may ultimately be preempted under 29 U.S.C. § 1144(a).

Similar reasoning would apply to the defendants' argument that Steinman's claim that MAG failed to provide health insurance coverage is equivalent to a claim for breach of a fiduciary duty under ERISA. Steinman's claim is not premised upon a failure of MAG to act as a fiduciary in managing the ERISA plan assets, but rather its failure to act in accordance with the Employment Agreement which resulted in MAG failing to provide health insurance coverage. Again, although the claim may ultimately be preempted under 29 U.S.C. § 1144(a), it does not provide for removal jurisdiction. Accordingly, the court recommends that Steinman's motion to remand be granted.

## CONCLUSION

For the foregoing reasons, the court recommends Steinman's motion to remand be granted and that this cause of action be remanded to the Chancery Court of Shelby County, Tennessee, at Memphis. The court declines to rule on Steinman's motion to amend complaint because it may have no jurisdiction to do so.

This 8th day of December, 2008.

                                                 s/ Diane K. Vescovo
                                                DIANE K. VESCOVO
                                                UNITED STATES MAGISTRATE JUDGE