IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

| | | |
|---|---|---|
| **FRED STEINMAN, M.D.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 08-2624 |
| | ) | |
| **MEDICAL ANESTHESIA GROUP, P.A.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

### ORDER ADOPTING REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND AND PLAINTIFF'S MOTION TO AMEND
_____

Before the Court are Defendant's Objections to the Magistrate Judge's Report and Recommendation on Plaintiff's Motion to Amend the Complaint and Motion to Remand (D.E. # 19). Magistrate Judge Vescovo issued her Report and Recommendation that Plaintiff's Motion to Remand be granted. Magistrate Judge Vescovo then declined to rule on Plaintiff's Motion to Amend, because the Court may not have jurisdiction to do so. Defendant has filed timely objections to the Magistrate Judge's Report, and thus, the Court will "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[1]  For the reasons set forth below, the Magistrate Judge's Report is **ADOPTED**.

## BACKGROUND

On April 9, 1990, Plaintiff Fred Steinman, M.D. was first employed by Defendant

---

[1] 28 U.S.C. § 636(b)(1)(C).

1

Medical Anesthesia Group ("MAG"). (Compl. ¶ 6; D.E. # 1-4.) On April 1, 1991, Plaintinff became a shareholder in Defendant MAG. (*Id.*) Plaintiff and Defendant MAG later entered into an employment agreement (the "Employment Agreement") on December 18, 2001. (*Id.*) According to Plaintiff on or about April 2006, Plaintiff went on disability leave and currently remains on disability leave. (*Id.* ¶¶ 10-11.) Defendant MAG, on the other hand, asserts that Plaintiff does not remain on disability leave, but instead was terminated for "cause," because Plaintiff's disability continued for a period of sixty (60) days, and so impaired Plaintiff that he was unable to perform the duties he agreed to perform pursuant to the Employment Agreement. (*Id.* ¶ 12.) Around July 1, 2008, Defendant MAG gave notice to their medical malpractice insurance carrier that Plaintiff had been terminated as of December 31, 2007. (*Id.* ¶ 13.) According to Plaintiff, Defendant MAG also discontinued Plaintiff's health insurance coverage beginning April 2006 despite being obligated to provide such insurance. (*Id.* ¶ 26.)

On August 27, 2008, Plaintiff filed the underlying action claiming (1) breach of contract as to receivables and dividends to which plaintiff claims entitlement from Defendant MAG, (2) breach of contract as to the covenant of good faith and fair dealing by, between and among the respective Stockholders, (3) breach of fiduciary duties and statutory good faith and fair dealing as between the respective Stockholders, (4) breach of contract by Defendant MAG as to the valuation of account receivables, (5) violations of various Tennessee statutes governing the rights, duties and obligations of Officers, Directors, and Stockholders, (5) failure to make distributions of corporate income to Plaintiff, and (6) conversion upon improper deprivation of Stockholders' rights. As part of Plaintiff's breach of contract and the covenant of good faith and fair dealings claim, Plaintiff asserts that Defendant MAG has dealt unfairly with him "by not

providing health insurance coverage to which he was entitled," and that Defendant MAG was liable to Plaintiff "for any and all compensatory, consequential and other damages incurred by [Plaintiff] as a result of [Defendant] MAG's breach...." (*Id.* ¶ 35-36.)

Defendants removed the underlying action pursuant to 28 U.S.C. § 1441(b), asserting that Plaintiff's claims, at least in part, were preempted by ERISA, and therefore, Plaintiff's complaint presented a federal claim on its face under the well-pleaded complaint rule. Defendants have alleged that Plaintiff has asserted rights to health benefits within the scope of 29 U.S.C. § 1132 (a)(1)(B), and as such Plaintiff's claims are preempted by federal law.

Plaintiff subsequently filed a Motion to Amend/Correct Complaint (D.E. # 4) and a Motion to Remand (D.E. # 5). The Motion to Amend the Complaint was referred to Magistrate Judge Vescovo for determination (D.E. # 6), while the Motion to Remand was referred to the Magistrate Judge for a Report and Recommendation (D.E. #7). The Magistrate Judge's Report on Plaintiff's Motion to Remand recommended that Plaintiff's Motion be granted, and in light of this recommendation, the Magistrate declined to rule on Plaintiff's Motion to Amend the Complaint (D.E. # 19).

Specifically, the Magistrate Judge found that pursuant to the Sixth Circuit's analysis in *Wright v. General Motors Corp.*,[2] Plaintiff's

> [C]itation to MAG's failure to provide him health insurance is properly construed as a reference to ascertainable damage he claims to have suffered as a result of the defendants' breach of the Employment Agreement...[, and] this claim does not provide this court removal jurisdiction, although the claim may ultimately be preempted under 29 U.S.C. § 1144(a).
>
> Similar reasoning would apply to the defendant's argument that Steinman's

---

[2] 262 F.3d 610 (6th Cir. 2001).

3

>claim that MAG failed to provide health insurance coverage is the equivalent to a claim for breach of a fiduciary duty under ERISA. Steinman's claim is not premised upon a failure of MAG to act as a fiduciary in managing the ERISA plan assets, but rather its failure to act in accordance with the Employment Agreement which resulted in MAG failing to provide health insurance coverage. Again, although the claim may ultimately be preempted under 29 U.S.C. § 1144(a), it does not provide for removal jurisdiction.

(Report & Recommendation on Pl.'s Mot. to Remand 11; D.E. # 19.) As a result of these findings, the Magistrate Judge then held that "the court does not have jurisdiction over Plaintiff's motion to amend his complaint and therefore declines to rule on the motion to amend." (*Id.* at 7.)

## **ANALYSIS**

Because Defendants have filed objections to the Magistrate Judge's Report, the Court will review those portions of the Report to which objection has been made de novo.[3]

Defendants generally object to the Report's conclusion that Plaintiff's claim for benefits was "peripheral" to Plaintiff's state law claims. (Memo. in support of Def.'s Objections 6; D.E. # 20-2.) More specifically, Defendants assert that although Plaintiff's Complaint is premised solely on state law theories and requests relief other than ERISA benefits, federal question jurisdiction over this action still exists pursuant to *Metropolitan Life*'s finding of ERISA preemption under § 502(a) in these exact circumstances. (*Id.*) Defendants reiterate that because Plaintiff's Complaint seeks to recover benefits and enforce and clarify rights and benefits under an ERISA plan, this case is distinguishable from the claims in *Wright* and *Warner*. (*Id.* at 7.) Furthermore, Defendants contend that the Report's narrow construction of *Metropolitan Life*'s federal preemption was erroneous. (*Id.* at 9.)

---

[3] 28 U.S.C. § 636(b)(1)(C).

4

A lawsuit may be removed from state to federal court pursuant to 28 U.S.C. § 1441(b) if a federal court has "original jurisdiction founded on a claim or right arising under" federal law.[4] A cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.[5] An exception to the "well-pleaded complaint" rule applies when a plaintiff's complaint asserts state law claims premised upon areas of the law that Congress has chosen to completely preempt.[6] In determining whether a cause of action was properly removed, it is important to remember that "removal and preemption are two distinct concepts."[7]

ERISA's statutory scheme preempts state law and/or state causes of action in two contexts: ERISA's preemption provision, 29 U.S.C. § 1144, and ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B).[8] The scope of ERISA's preemption and removal jurisdiction pursuant to § 1144 and § 1132(a)(1)(B) was decided, at least in part, by the Supreme Court in *Metropolitan Life Insurance Company v. Taylor*.[9] In this case, a former employee of General Motors filed suit against General Motors and Metropolitan Life Insurance alleging breach of contract, retaliatory discharge, and wrongful termination of his disability benefits.

---

[4] *Metro. Life Ins. Co. v. Taylor.*, 481 U.S. 58, 63 (1987).

[5] *Id.* (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)); *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 613 (6th Cir. 2001).

[6] *Metro. Life Ins. Co.*, 481 U.S. at 63-64 ("One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."); *Wright*, 262 F.3d at 613.

[7] *Wright*, 262 F.3d at 614.

[8] *Id.*

[9] 481 U.S. 58.

According to the facts presented, the plaintiff underwent a divorce and custody dispute that resulted in severe emotional problems, which necessitated his taking some time away from work. Metropolitan Life began paying benefits under General Motor's benefit plan but asked the plaintiff to submit to psychiatric evaluations. Several weeks later, at a follow-up exam, the plaintiff was determined fit to return to work. At this time, Metropolitan Life stopped making payments. Additionally, the plaintiff filed a supplemental claim alleging back injuries that had resulted from a job-related accident that occurred approximately nineteen years earlier, which according to plaintiff also precluded his return to work. The plaintiff was sent to a physician who found no orthopedic problems, and subsequently, this request was denied as well.[10]

After the plaintiff filed suit in state court, the defendants removed the action to federal court alleging federal question jurisdiction over the disability benefits claim by virtue of ERISA and pendent jurisdiction over their remaining claims.[11] Under these facts the Supreme Court held that

> [The plaintiff's] common law contract and tort claims are pre-empted by ERISA. This lawsuit "relate[s] to [an] employee benefit plan." It is based upon common law of general application that is not a law regulating insurance. Accordingly, the suit is pre-empted by § 514(a) and is not saved by § 514(b)(2)(A). Moreover, as a suit by a beneficiary to recover benefits from a covered plan, it falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes.[12]

In so holding the Court stated that "ERISA pre-emption, without more, does not convert a state

---

[10] *Id.* at 62

[11] *Id.*

[12] *Id.* at 62-63 (citations omitted).

claim into an action arising under federal law."[13] Instead, in order for a well-pleaded complaint that alleges only state law causes of action to be completely pre-empted by ERISA, and thus removable to federal court, the state action should not only be pre-empted by ERISA but come with in the scope of ERISA civil enforcement provision.[14]

In applying the *Metropolitan Life* holding, the Sixth Circuit has commented that the distinction between ordinary preemption and complete preemption for purposes of removal has not yet been carefully explained; however, in so stating, the Sixth Circuit importantly noted that in *Metropolitan Life* the Supreme Court held that "the scope of the 'complete preemption' exception for removal is narrow."[15] More specifically, the Sixth Circuit stated that the complete preemption "exception is narrowly limited in the ERISA context to state common law or statutory claims that fall within ERISA's civil enforcement provision."[16] Thus, § 1144 may preempt state law claims that "relate to" an employment benefit plan, but does not create a federal cause of action for matters which only "relate to" ERISA's field of concern.[17] Furthermore, "'[e]ven if an action refers to a plan, ... the action will not relate to the plan for

---

[13] *Id.* at 64 (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 465 U.S. 1, 25-27 (1983))

[14] *Id.* at 64-65 (noting that the Court would have been more reluctant to find ERISA necessitated extraordinary pre-emptive power, such that ordinary state common law claims are converted into federal claims for purposes of the well-pleaded complaint rule, had not the jurisdictional subsection of ERISA's civil enforcement provision expressed such a clear congressional intent).

[15] *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995).

[16] *Id.*

[17] *Id.*

7

preemption purposes when the action only *peripherally* affects the plan."[18]  Therefore, "[s]imply because a claim is preempted by ERISA does not mean it is automatically removable."[19]  In other words, "§ 1144 preemption does not create a federal cause of action itself, and cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule. As a consequence, no removal jurisdiction exist under § 1144."[20]

For a state law claim to be completely preempted by ERISA, and thus subject to the exception to the well-pleaded complaint rule, a court must determine that the state law claim "should be characterized as a superseding ERISA action 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan,' as provided in § 1132(a)(1)(B)."[21]  Stated more simply, an action is properly removable to federal court pursuant to ERISA when the complaint, viewed as a whole, has alleged a "§ 1132 (a)(1)(B) type" action.[22]  Importantly, state causes of action not covered by § 1132(a)(1)(B) may still be subject to preemption under § 1144, because the state law may "relate to" an ERISA covered benefit plan, but such actions are not necessarily subject to removal, and "[t]he fact that a defendant might ultimately prove that a plaintiff's

---

[18]     *Wright*, 262 F.3d at 615 (quoting *Crabbs v. Copperweld Tubing Prods. Co.*, 114 F.3d 85 (6th Cir. 1997)).

[19]     *Id.* at 614; *see also Metro. Life Ins. Co.*, 481 U.S. at 64 ("ERISA preemption, without more, does not convert a state claim into an action arising under federal law."); *Warner*, 46 F.3d at 534 (holding that ERISA's preemption provision does not mandate that all claims that are reempted by ERISA are removable).

[20]     *Warner*, 46 F.3d at 534; *Wright*, 262 F.3d at 614.

[21]     *Wright*, 262 F.3d at 614.

[22]     *Id.* at 615.

claims are pre-empted...does not establish that they are removable to federal court."[23]

In the case at bar, Plaintiff's complaint as a whole does not allege a "§ 1132(a)(1)(B) type" action, and thus, is not completely preempted, and as such, is not subject to removal to the federal courts.[24] Plaintiff's basic claims do not involve an action to recover benefits due to him *under the terms of his plan*, to enforce his rights *under the terms of his plan*, or to clarify his rights to future benefits *under the terms of the plan*.[25] Plaintiff brought the underlying action for breach of an employment agreement and for violations of various state statutes. It appears to the Court that the only ways the complaint may relate to an ERISA plan is as an indicia of the underlying breach or as an element of damages, but neither of these facts are essential to Plaintiff's claims. Thus, the Magistrate Judge's conclusion that Plaintiff's claims for benefits was only peripherally related to Plaintiff's underlying complaint was not erroneous.

Defendants' objections also assert that the Magistrate Judge's narrow construction of the *Metropolitan Life* holding was erroneous, especially considering how similar the facts in the present case are to the facts in *Metropolitan Life*. However, construing *Metropolitan Life* narrowly is not erroneous. As the Sixth Circuit previously has stated, the *Metropolitan Life* Court held that "the scope of the 'complete preemption' exception for removal is narrow."[26] Furthermore, the current case *is* factually distinguishable from *Metropolitan Life*. The plaintiff in *Metropolitan Life* alleged wrongful termination of disability benefits, a clear example of a "§

---

[23] *Warner*, 46 F.3d at 535 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398 (1987)).

[24] *Wright*, 262 F.3d at 615.

[25] *See* 29 U.S.C. § 1132 (a)(1)(B) (emphasis added); *Warner*, 46 F.3d at 534.

[26] *Warner*, 46 F.3d at 534.

1132(a)(1)(B) type" action, whereas the current Plaintiff has alleged breach of an employment contract, pursuant to which an ERISA covered plan is referenced only as an indicia of that breach and/or an element of damages, but does not seem to require any review of the terms of that plan.  Although the *Metropolitan Life* court may have ultimately held that the plaintiff's state common law contract and tort claims were preempted, the Court held the action was removable pursuant to § 1132(a)(1)(B).  The current Plaintiff's claims at best seem only to "relate to" ERISA's field of concern, and thus, the claims may ultimately be preempted under § 1144; however, these claims do not provide the Court with removal jurisdiction.

## CONCLUSION

Having reviewed Magistrate Judge Vescovo's Report and Recommendation de novo, and Defendant's Objections to the Report, the Court hereby **ADOPTS** the Magistrate Judge's Report.  Plaintiff's Motion to Remand is **GRANTED**.  Because the Court does not have jurisdiction over the present action, the Court declines to rule on any other currently pending motions  The clerk is directed to terminate all other pending motions in this case and remand this action to the Chancery Court of Shelby County, Tennessee, at Memphis.

**IT IS SO ORDERED.**

                                                      s/ S. Thomas Anderson
                                                      S. THOMAS ANDERSON
                                                      UNITED STATES DISTRICT JUDGE

Date: June 4th, 2009.